IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRES OSVALDO GRIJAOVA ESTRADA,

   *Petitioner*,

v.

KRISTI NOEM, *et al.*,

   *Respondents*.

Case No. 26-cv-563-ABA

**ORDER**

    Petitioner Andres Osvaldo Grijaova Estrada is a citizen of Guatemala who last entered the United States in approximately 2013. ECF No. 1 ¶ 34. He alleges that he was not encountered by immigration officers at that time or at any other time until the detention giving rise to the Petition for a Writ of Habeas Corpus that is presently pending in this Court. *Id.* ¶¶ 34, 37. Petitioner alleges that he has lived in the United States since his initial entry and currently resides in Maryland with his wife and daughter, both of whom are U.S. citizens. *Id.* ¶ 35. Petitioner has a pending I-130 petition, which was filed by his wife on his behalf in April 2025. *Id.* ¶ 36.

    Petitioner alleges that on February 10, 2026, he was detained by Immigration and Customs Enforcement ("ICE") officers following a traffic stop, and that at the time he filed his Petition he was detained in a holding room at the Baltimore ICE Field Office. *Id.* ¶¶ 37–38. Petitioner filed this action on February 11, 2026, seeking immediate release or, in the alternative, an order clarifying that his detention is pursuant to 8 U.S.C. § 1226(a) and that he is accordingly entitled to a bond hearing. *Id.* at 14.

    On February 17, 2026, the parties submitted a joint notice stating that the issues in this case overlap with other recent cases involving habeas petitions, including

1

*Cardona y Cardona v. Noem*, Case No. 25-cv-02262-ABA (D. Md.). ECF No. 6 at 1–2. Respondents stated in the joint notice that they were incorporating their arguments in *Cardona y Cardona* that the Court lacks jurisdiction pursuant to 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g). *Id.* at 2 n.2 (citing *Cardona y Cardona v. Noem*, Case No. 25-cv-02262-ABA, ECF No. 9). In *Cardona y Cardona*, this Court held that it lacked jurisdiction to consider those Petitioners' Fourth Amendment challenge to their immigration arrests under § 1252(g). *Cardona y Cardona v. Noem*, Case No. 25-cv-02262-ABA, ECF No. 12 at 4–5. This was because an attack on the arrest itself constituted an attack on the decision to "commence proceedings," which § 1252(g) specifically forbids. *Id.* But § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Thus, § 1252(g) does not apply here, where Petitioner is challenging the nature of his detention and is requesting a bond hearing, rather than attacking the commencement of removal proceedings. *See Suri v. Trump*, Case No. 25-1560, 2025 WL 1806692, at *7 (4th Cir. July 1, 2025) ("Because § 1252(g) simply doesn't extend to habeas challenges to present immigration confinement, courts routinely exercise jurisdiction over such challenges.").

Section 1252(b)(9) does not strip this Court of jurisdiction either. That provision channels "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" into "judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). But § 1252(b)(9) "appl[ies] only to challenges to an 'order of removal.'" *Suri*, 2025 WL 1806692, at *9; *see also Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) ("[Section] 1252(b)(9) does not present a jurisdictional bar where those

2

bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined.") (quoting *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020)). Challenges to detention itself, such as the Petition here, are not barred by § 1252(b)(9).

Accordingly, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) (the "Petition"), the Joint Notice filed by the Parties (ECF No. 6), the entire record in this case, and good cause having been shown, and for the reasons stated above and in *Bautista Villanueva v. Bondi*, Case No. 25-cv-4152-ABA, 2026 WL 100595 (D. Md. Jan. 14, 2026) and *Rivas-Muñoz v. Noem et al.*, Case No. 26-cv-45-ABA, 2026 WL 123968 (D. Md. Jan. 16, 2026), the Court hereby ORDERS as follows:

1. The Petition is GRANTED IN PART and DENIED IN PART;

2. Respondents are ENJOINED from detaining Petitioner under 8 U.S.C. § 1225(b);

3. Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d);

4. A bond hearing shall be held within ten (10) days of Petitioner's filing of a motion with the Immigration Court;

5. The bond hearing must be conducted by an Immigration Judge with jurisdiction or administrative control over Petitioner's detention and removal proceedings, and the hearing must comply in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions;

6. This Order does not require Respondents to transfer or transport Petitioner to Maryland prior to a bond hearing;

7. If bond is granted and Petitioner is released, nothing in this Order precludes United States Immigration and Customs Enforcement from imposing reasonable conditions of release;

8. If Petitioner is not provided with a bond hearing before an Immigration Judge within ten (10) days of his filing a motion with the Immigration Court, Respondents shall release Petitioner from custody with reasonable conditions, which may include the requirement that Petitioner appear for a bond hearing at an Immigration Court in Maryland;

9. The parties shall provide this Court with a Status Report within 20 days of this Order;

10. Any request for attorneys' fees and costs is DENIED; and

11. The Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order.

Date: February 19, 2026

                                                                         /s/
                                            Adam B. Abelson
                                            United States District Judge